## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA ex rel. JOHN HENDRIX, <br><br> Plaintiffs, <br><br> v. <br><br> J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware Corporation, <br><br> Defendants. | Civil Action No. _____ <br><br> Pending in the United States District Court for the Central District of California <br><br> Honorable George H. Wu, U.S.D.J. <br><br> CA Case No.: ED CV06-00055-GW |

### PLAINTIFFS' MOTION TO QUASH THE SUBPOENA ISSUED BY DEFENDANT, J-M MANUFACTURING COMPANY, INC., TO NON-PARTY, MICROBAC LABORATORIES, INC.

The State of Nevada and *qui tam* Plaintiff, John Hendrix ("Relator"), (collectively, "Movants") seek an order from this Court quashing the May 13, 2011 Subpoena Duces Tecum ("Subpoena") issued by Defendant J-M Manufacturing Company, Inc. ("J-M") to non-party Microbac Laboratories, Inc. ("Microbac"). Movants understand that the United States, through the United States Attorney's Office for the Central District of California, intend to file a joinder in this motion. *See* Declaration of Assistant United States Attorney Howard Daniels ("Daniels Decl.") ¶ 7.

This multi-state False Claims Act ("FCA") action, pending in the United States District Court for the Central District of California, seeks damages for the submission of false claims for

non-conforming PVC pipe to various federal, state, and local governments. Among other government entities, the U.S. Attorney's Office for the Central District of California ("U.S. Attorney") and the State of Nevada, with the cooperation and participation of the Relator, conducted an investigation into Defendants' fraudulent practices while this case was under seal, pursuant to the federal False Claims Act, 31 U.S.C. § 3730(b)(2), and state FCA provisions. One part of this investigation included testing J-M polyvinyl chloride ("PVC") pipe. This testing was performed by a division of Microbac, Hauser Laboratories (referred to herein as "Microbac"). The testing was performed at the direction of attorneys for the government, was performed during ongoing, under-seal litigation, and was intended to be, and has been, kept confidential. The Subpoena issued by J-M, a defendant in this action, demands that Microbac produce all documents related to any test it performed on J-M PVC pipe on behalf of the United States. Any such records that Microbac possesses related to the referenced testing are privileged attorney work-product of the government, as they represent work undertaken at the express behest of government attorneys in the investigation of this matter while it was under seal. As a result, the Subpoena must be quashed in accordance with Fed. R. Civ. P. 45(c).[1]

## BACKGROUND

### A.   Nature Of The Underlying Litigation

Movants bring this motion in this Court because Defendant J-M issued the Subpoena on behalf of this Court. *See* Fed. R. Civ. P. 45(c)(1). The underlying litigation is pending in the United States District Court for the Central District of California before the Honorable George H. Wu.

---

[1] Pursuant to D.C. COLO. LCivR 7.1(A), the undersigned counsel states that before filing this motion, he conferred with Defendant's counsel in a good-faith effort to resolve the matter, but was unable to reach agreement with Defendant's counsel.

The underlying action exposes a massive fraud perpetrated for nearly two decades on federal, state, and local governments (the "Government Entities") to whom Defendant J-M sold and distributed defective PVC pipe for use in transmitting and distributing water and in sewer systems ("J-M Pipe").   Defendant J-M lied to its customers about the quality of the pipe J-M manufactured by knowingly producing and selling pipe that did not conform to the requirements of their customers' specifications.   Defendant J-M carried out this fraud by representing to all of their purchasers, including the State of Nevada and other Government Entities, that J-M production pipe was made and tested in accordance with industry standards published by the American Water Works Association, Underwriters Laboratories Inc., and other organizations.   In fact, J-M production pipe was neither made nor tested in accordance with these industry standards.   This fraud has caused the Government Entities to purchase and install PVC pipe that has only a fraction of the strength and endurance represented.   Currently, three States and over 50 California municipalities have intervened in the *qui tam* action, which is currently set for trial on December 6, 2011.   In addition, the Relator is prosecuting the case on his own behalf and on behalf of the United States, an additional eight states, and the District of Columbia.[2]   *See* Fourth Amended Complaint (without exhibits) annexed to the Declaration of Stuart M. Rennert (hereinafter "Rennert Decl.") as Exhibit A.

**B.**   **Microbac's Testing of J-M Pipe at the Direction of the U.S. Attorney's Office**

The United States and the State of Nevada, among other government entities, with the cooperation and participation of the Relator, conducted an under-seal investigation of the *qui tam* Complaint beginning in early 2006 and extending through early 2010.   As one part of this

---

[2] The Federal False Claims Act, as well as state false claim analogues, give the Relator the right to prosecute the case on the government entities' behalf if the government entities do not intervene in the action.   *See, e.g.* 31 U.S.C. § 3730(b)(1)-(5).   Nonetheless, these government entities remain the "real parties in interest" in the action.   *Id.*

investigation, Assistant U.S. Attorney Howard Daniels of the U.S. Attorney's Office engaged Microbac, a commercial testing laboratory, to perform testing on J-M Pipe. *See* Daniels Decl. ¶¶ 3-5. This testing was performed at the direction of government attorneys, was performed during ongoing, under-seal litigation, and was intended to be, and has been, kept confidential. *Id.* Relator's counsel consulted with the attorneys for the United States concerning the testing being conducted by Microbac. *See* Declaration of Harry Litman ¶ 3. Microbac understood at the time that it was asked to perform the testing that it was to keep the testing confidential and not share anything about the testing with any outside party. *See* Daniels Decl. ¶ 5.

### C.   J-M's Subpoena to Microbac

On May 13, 2011, J-M issued a Subpoena to Microbac. *See* Subpoena annexed to Rennert Decl. as Exhibit B. The Subpoena broadly demands "[a]ll documents relating to any tests [Microbac] performed on JM Eagle Pipe on behalf of the United States, including any department thereof, from 2006 through the present." *Id.* As discussed above, the breadth of this request calls for the production of materials protected by the attorney work-product doctrine and the joint-prosecution privilege of the United States, the State of Nevada, Relator, and other government entities who investigated this case. The United States and the Relator each separately have advised Microbac that they object to the production of materials to J-M on the basis of privilege. *See* Daniels Decl. ¶ 6, Exhibit A thereto; Rennert Decl. ¶ 5. The Subpoena originally required the production of the testing documents by May 31, 2011; however, J-M agreed to an extension of time through June 28, 2011 with respect to the Subpoena.

## ARGUMENT

**I.     The Subpoena Must Be Quashed Because it Seeks Information Protected by the Attorney Work-Product Doctrine.[3]**

This Court *must* quash the Subpoena upon a showing that it requires the disclosure of privileged or other protected material. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii). "The scope of permissible discovery pursuant to Rule 45 is the same as set forth in Rule 26(b)." *Premier Election Solutions, Inc. v. SysTest Labs, Inc.*, No. 09-01822, 2009 U.S. Dist. LEXIS 94193, at *6-7 (D. Colo. Sept. 22, 2009) (citing Adv. Comm. Note to Rule 45(c)(3)); *see also Centurion Indus., Inc. v. Warren Steurer & Assocs.*, 665 F.2d 323, 325 (10th Cir. 1981).

Federal Rule of Civil Procedure 26(b)(3) creates a privilege against the discovery of work-product materials. *See also Hickman v. Taylor*, 329 U.S. 495, 500 (1947); *McCall v. Skyland Grain, LLC*, No. 08-01128, 2009 U.S. Dist. LEXIS 41034, at *15-16 (D. Colo. Apr. 29, 2009); *Aberkalns v. Blake*, No. 08-01080, 2009 U.S. Dist. LEXIS 14194, at *10-12 (D. Colo. Feb. 9, 2009).   A document will be considered work product if it: (1) was prepared in

---

[3] Nevada is a real party and intervenor in the underlying action; it investigated and is prosecuting the case on its own behalf and therefore has the right to assert the attorney work-product and joint prosecution privilege in connection with the subject matter of this motion. In addition, the Relator has standing to assert the attorney work-product privilege because he is prosecuting this action on his own behalf as well as that of the United States Government and other interested parties pursuant to 31 U.S.C. § 3730(b).  Under these circumstances, courts have recognized a common-interest privilege between the relator and the government in documents created in anticipation of *qui tam* litigation. *See, e.g., United States ex rel. Minge v. Tect Aerospace, Inc.*, No. 07-1212-MLB, 2011 U.S. Dist. LEXIS 53516, at *14-15 (D. Kan. May 18, 2011) (holding that a common-interest privilege exists between the relator and the government for documents created in anticipation of the *qui tam* litigation); *Redacted v. Redacted*, 209 F.R.D. 475, 480 (D. Utah 2001) (holding that the government's investigation into the relator's claims was protected work-product because the government and relators "share a community of interest"); *United States ex rel. Burroughs v. DeNardi Corp.*, 167 F.R.D. 680, 686 (S.D. Cal. 1996) (holding that the relator and the government "are essentially the same party" and can assert a "joint prosecution privilege" to avoid a waiver of the work-product immunity); *Armenta v. Sup. Court. Los Angeles Cnty.*, 101 Cal. App. 4th 425 (2002) (holding that where parties collaborate on work product, waiver of the privilege by one of the joint holders does not bar the other joint holder from asserting it).

anticipation of or in preparation for litigation; and (2) was prepared by or for a party or that party's representative. *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538-39 (D. Kan. 1989).

This District has recognized that: "Investigation by a federal agency presents more than a remote prospect of future litigation, and provides reasonable grounds for anticipating litigation sufficient to trigger application of the work product doctrine." *Martin v. Monfort, Inc.*, 150 F.R.D. 172, 173 (D. Colo. 1993) (citing *Kent Corp. v. NLRB*, 530 F.2d 612, 623 (5th Cir. 1976)); *In re LTV Sec. Litig.*, 89 F.R.D. 595, 612 (N.D. Tex. 1981). "Studies or tests conducted after a party is aware of potential litigation . . . [are] within the scope of the work product immunity doctrine." *Martin*, 150 F.R.D. at 173 (citations and quotations omitted); *see also Armenta v. Sup. Court. of Los Angeles Cnty.*, 101 Cal. App. 4th 525 (2002) (granting *qui tam* plaintiff's request for a writ of mandate to set aside an order requiring the disclosure of investigatory testing of defendant's water distribution systems on the basis of the work-product doctrine); *McEwen v. Digitran Sys., Inc.*, 155 F.R.D. 678, 683 (D. Utah 1994) (holding that materials prepared by an accounting firm at the direction of counsel in anticipation of litigation were subject to work-product immunity); *Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 648 (N.D. Ill. 1994) (holding that test results, test set-ups, and authorizations for tests by counsel in anticipation of litigation fall "within the textbook definition of work product."); *Banks v. United States*, 90 Fed. Cl. 707, 711 (2009) (holding that documents identifying the location of boreholes, test specifications, and test results prepared in anticipation of litigation qualify for protection from discovery under the attorney work-product doctrine).

Similarly, in *United States ex rel. Dye v. ATK Launch Systems*, No. 06-0039, 2011 U.S. Dist. LEXIS 28536 (D. Utah Mar. 9, 2011), the court determined that testing materials were immune from discovery on the basis of the attorney work-product doctrine. There the

government sought defendant's production of materials concerning drop tests that were performed at the direction of defense counsel. The court reasoned that "tests . . . conducted at the direction of counsel and in preparation for litigation are strongly indicative of the mental impressions, conclusions, opinions, or legal theories of [counsel]." *Id.* at 19.

Since testing materials may constitute work product immune from disclosure, the only remaining question is whether the testing performed here, by the government as it investigated this *qui tam* case while it was under seal, was performed in anticipation of litigation. This Court has utilized a five-factor test to make that determination. *See SEC v. Nacchio*, No. 05-0480, 2007 U.S. Dist. LEXIS 5435 (D. Colo. Jan. 24, 2007) (*citing Abel Inv. Co. v. United States*, 53 F.R.D. 485, 489-90 (D. Neb. 1971)); *see also Tujillio v. Bd. of Educ.*, No. 02-1146, 2007 U.S. Dist. LEXIS 33919 (D.N.M. Mar. 12, 2007). Those factors are: (1) whether or not the requested documents were prepared in the ordinary course of business before the filing of any lawsuit; (2) if the materials were prepared at the direction of an attorney; (3) if the documents were impartial or adversarial in nature; (4) whether the documents addressed the opposing party's theory of the case to be used at trial; and (5) whether the documents were the result of the opposing party's own investigative work or if they contained evidence that the requesting party produced. *Nacchio*, 2007 U.S. Dist. LEXIS 5435, at *21.

Applying this five-factor test confirms that any materials Microbac possesses with regard to the above-described testing were prepared in anticipation of litigation. First, the tests would not have been conducted by Microbac but for the investigation of the government in connection with ongoing litigation, such that they did not occur "in the ordinary course of business." Daniels Decl. ¶ 2-3.   Second, the tests were conducted at the direction of government attorney Howard Daniels. Daniels Decl. ¶ 4.   Third, the tests were performed as a part of the

government's investigation into J-M's fraudulent practices and are therefore adversarial in nature. Daniels Decl. ¶¶ 3-4. Fourth, the testing was performed in furtherance of the government's investigation of the case. Daniels Decl. ¶ 3. Fifth, the testing performed was the result of the government's own investigative work. Daniels Decl. ¶¶ 2-3. In sum, all these factors make clear that tests performed by Microbac at the direction of the government while this case was under seal were performed in anticipation of litigation. Accordingly, any documents generated therefrom constitute work product immune from discovery.

## CONCLUSION

For all the foregoing reasons, this Court should quash the Subpoena Duces Tecum issued

by Defendant J-M Manufacturing Company Inc. to non-party Microbac Laboratories, Inc.


Dated:  June 28, 2011         By:

Stuart M. Rennert
A Member of the Bar of the District Court
for the District of Colorado
srennert@daypitney.com
DAY PITNEY LLP
1100 New York Avenue, NW
Suite 300
Washington, DC 20005
T: (202) 218 3911
F: (202) 354 4533

**Attorneys for Relator,
John Hendrix**


Susan K. Stewart
sstewart@ag.nv.gov
Deputy Attorney General
State of Nevada, Office of the Attorney
General
100 North Carson Street
Carson City, Nevada 89701-4717
T: (775) 684-1100
F: (775) 684-1108

**Attorneys for Intervenor-Plaintiff,
the State of Nevada**

## CERTIFICATE OF SERVICE

I certify that on the 28th day of June, 2011, I served an electronic copy of Plaintiffs'
Motion to Quash the Subpoena Issued by Defendant, J-M Manufacturing Company, Inc., to Non-
Party, Microbac Laboratories, Inc., to the parties listed below in accordance with the manner of
service in the underlying action pending before the United States District for the Central District
of California.

| | |
|---|---|
| Bryan David Daly | bdaly@sheppardmullin.com |
| | btaylor@sheppardmullin.com |
| | pchand@sheppardmullin.com |
| Charles L Kreindler | ckreindler@sheppardmullin.com |
| | aanguiano@sheppardmullin.com |
| David James Steffenson | dsteffenson@minasianlaw.com |
| | awhitfield@minasianlaw.com |
| | cmecf@minasianlaw.com |
| Diane Catran Roth | attorney@sbcity.org |
| Howard F Daniels | howard.daniels@usdoj.gov |
| James Bell Gilpin | james.gilpin@bbklaw.com |
| | lisa.grennon@bbklaw.com |
| | Melissa.woo@bbklaw.com |
| Jeffrey Robert Cox | jccentcom@sbcglobal.net |
| Joan C Arneson | jarneson@bawg.com |
| John L Brownlee | john.brownlee@hklaw.com |
| Jonathan B Engel | jonathan.engel@state.ma.us |
| Joshua H Rudnick | jrudnick@bakersfieldcity.us |
| Kristina Starr Azlin | kristina.azlin@hklaw.com |
| | ksazlin@yahoo.com |
| Malgorzata Laskowska | cao.main@sanjoseca.gov, |
| | margo.laskowska@sanjoseca.gov |
| Nicklas Arnold Akers | nicklas.akers@doj.ca.gov |

| | |
|---|---|
| Patricia Quilizapa | pquilizapa@mkblawyers.com |
| Peter M Coughlan | peter.coughlan@ag.tn.gov |
| | alan.duffy@ag.tn.gov |
| Philip Bangle | Philip.Bangle@state.de.us |
| R Clayton Welch | cwelch@sandiego.gov |
| | sbenson@sandiego.gov |
| Richard T Williams | richard.williams@hklaw.com |
| | gloria.hoshiko@hklaw.com |
| Roger Brian Coven | roger.coven@hklaw.com, |
| | gloria.hoshiko@hklaw.com |
| Scott F Roybal | sroybal@sheppardmullin.com, |
| | scomerro@sheppardmullin.com |
| Seth T Cohen | scohen@nmag.gov, kcotner@nmag.gov |
| Sheryl L Schaffner | sschaffner@sanramon.ca.gov |
| Thomas J Tedesco | ttedesco@pacbell.net |

MARK SALAH MORGAN