# EXHIBIT B
# Declaration of Stuart Rennert

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
BRYAN D. DALY, Cal. Bar No. 117901
bdaly@sheppardmullin.com
CHARLES L. KREINDLER, Cal. Bar No. 119933
ckreindler@sheppardmullin.com
ANTHONY N. MOSHIRNIA, Cal. Bar No. 254253
amoshirnia@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213-620-1780
Facsimile: 213-620-1398

Attorneys for Defendant
J-M MANUFACTURING COMPANY, INC.,
d/b/a JM Eagle

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA ex rel. JOHN HENDRIX,<br><br>Plaintiffs,<br><br>v.<br><br>J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware corporation,<br><br>Defendants. | Case No. ED CV-06-0055-GW (PJWx)<br><br>The Hon. George H. Wu<br><br>**NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL MATTER TO MICROBAC LABORATORIES, INC.** |

W02-WEST:1ANM1\403525521.1

TO: ALL INTERESTED PARTIES; and

TO: THEIR COUNSEL OF RECORD:

**YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, **Microbac Laboratories, Inc.** is required to produce documents in accordance with the subpoena attached hereto as **Exhibit A**, on the date and at the time specified.

A list of all parties or attorneys for parties on whom this Notice of Subpoena is being served is shown on the accompanying proof of service.

Dated: May 13, 2011

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
ANTHONY N. MOSHIRNIA
Attorneys for Defendant
J-M MANUFACTURING COMPANY, INC.

AO 88B (Rev 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Colorado

| | | |
|---|---|---|
| U.S. ex rel. Hendrix, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. ED CV 06-0055-GW |
| | ) | |
| J-M Manufacturing Company, Inc., et al., | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    Microbac Laboratories, Inc., Hauser Laboratories Division c/o Custodian of Records

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: | Date and Time: |
|---|---|
| Copy Experts, 5345 Arapahoe Ave., Suite 2, Boulder, CO 80303 | May 31, 2011 |
| David Mikelsons (303) 448-1111 x. 104 | 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: May 13, 2011

*CLERK OF COURT*

OR    /s/ Anthony N. Moshirnia

_____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* J-M Manufacturing Company, Inc. _____, who issues or requests this subpoena, are:
Anthony N. Moshirnia of Sheppard Mullin Richter & Hampton, LLP, 333 S. Hope Street, 43rd Floor, Los Angeles, CA 90071, tel: 213-620-1780; email: amoshirnia@sheppardmullin.com

EXHIBIT A

American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



# ATTACHMENT A – DOCUMENTS REQUESTED

## I. DEFINITIONS

1. "YOU" and "YOUR" shall mean and refer to **Microbac Laboratories, Inc.**, including, without limitation, any person(s) acting on its behalf and/or under its control.

2. "JM EAGLE PIPE" shall mean and refer to polyvinyl chloride ("PVC") pipe manufactured by J-M Manufacturing Company, Inc.

3. "DOCUMENT(S)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreement, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints, plans, schematics, manuals, accountants' statements or summaries, graphs, charts, photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings or conversations or interviews either in writing or made upon any mechanical, electronic or electrical recording device, data compilations from which information

1  can be obtained or can be translated through detection devices into a reasonably
2  usable form, computer inputs or outputs, or any other written, graphic or recorded
3  representations or communications whatsoever, whether in lithograph, or in any
4  other tangible form or intangible form which can be reduced to tangible form, and
5  any other form of communication or representation including letters, records,
6  pictures, film, videotape, sounds, symbols or communications thereof.

8  "Document(s)" shall also mean and include, without limitation, any and
9  all originals, duplicate originals, facsimiles and extra copies or reproductions of all
10 such written, printed, typed, reported, recorded or graphic matter included above,
11 upon which notations and writing, print or otherwise, have been made or to which
12 such notations have been appended.

14  4. "RELATING TO" shall mean discussing, describing,
15 constituting, evidencing, memorializing, concerning, mentioning, summarizing,
16 listing, reflecting, analyzing, supporting, negating or concerning the subject matter
17 of the request.

19  5. The terms "and" and "or" shall be construed either disjunctively
20 or conjunctively whenever appropriate in order to bring within the scope of this
21 discovery request any information or document which might otherwise be
22 considered beyond its scope.

## II. DOCUMENTS REQUESTED

1. All DOCUMENTS RELATING TO any tests YOU performed on JM EAGLE PIPE on behalf of the United States, including any department thereof, from 2006 through the present.

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071-1422.

On May 13, 2011, I served the following document(s) described as **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL MATTER TO MICROBAC LABORATORIES, INC.** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 13, 2011, at Los Angeles, California.



VALERIE ARRIOLA

# SERVICE LIST

| | |
|---|---|
| Eric R. Havian<br>erh@pcsf.com<br>Mary A. Inman<br>mai@pcsf.com<br>Jessica T. Moore<br>jtm@pcsf.com<br>PHILLIPS & COHEN LLP<br>131 Steuart Street, Suite 501<br>San Francisco, California 94105<br>Tel: (415) 836-9000<br>Fax: (415) 836-9001<br><br>Harry P. Litman<br>Harry.Litman@verizon.net<br>LITMAN LAW FIRM<br>One Oxford Center, 34th Floor<br>Pittsburgh, PA 15219<br>Tel: (412) 456-2000<br>Fax: (412) 456-2020<br><br>Brent N. Rushforth<br>brushforth@daypitney.com<br>Elizabeth J. Sher<br>esher@daypitney.com<br>Charlsa D. Broadus<br>cdbroadus@daypitney.com<br>Stuart M. Rennert<br>srennert@daypitney.com<br>Jonathan I. Handler<br>jihandler@daypitney.com<br>DAY PITNEY LLP<br>1100 New York Ave., NW<br>Washington, D.C. 20005<br>Tel: (202) 218-3900<br>Fax: (202) 218-3910 | Counsel for Plaintiffs:<br><br>1. Alameda County Water District<br>2. Calexico, City of<br>3. Calleguas Municipal Water District<br>4. Chino, City of<br>5. Dublin San Ramon Services District<br>6. Hendrix, John (Relator)<br>7. Laguna Beach County Water District<br>8. Livermore, City of<br>9. Los Angeles Department of Water & Power<br>10. Moulton Niguel Water District<br>11. North Marin Water District<br>12. Oxnard, City of<br>13. Palmdale Water District<br>14. Pomona, City of<br>15. Ripon, City of<br>16. Sacramento, City of<br>17. San Bernardino, City of<br>18. San Buenaventura, City of<br>19. Santa Cruz, City of<br>20. Santa Maria, City of<br>21. Santa Rosa, City of<br>22. South Tahoe Public Utility District<br>23. Tennessee, State of<br>24. Vallejo, City of<br>25. Virginia, Commonwealth of<br>26. Yountville, Town of<br>27. Paradise Irrigation District<br>28. Castaic Lake Water Agency<br>29. Calistoga, City of<br>30. San Diego, County of<br>31. Soquel Creek Water District |
| Richard T. Williams<br>richard.williams@hklaw.com<br>Kristina S. Azlin<br>kristina.azlin@hklaw.com<br>John Brownlee<br>john.brownlee@hklaw.com<br>Holland & Knight LLP<br>633 West Fifth St., 21st Flr.<br>Los Angeles, CA 90071<br>Tel (213) 896-2400<br>Fax (213) 896-2450 | Counsel for Defendant<br>Formosa Plastics Corporation, U.S.A. |

| | | |
|---|---|---|
| 1 2 3 4 | Joseph A. Brajevich<br>joseph.brajevich@ladwp.com<br>Los Angeles City Attorney's Office<br>Department of Water and Power<br>111 North Hope Street, Suite 340<br>Los Angeles, CA 90012 | Counsel for Plaintiff:<br>Los Angeles Department of Water and Power<br>(Intervenor) |
| 5 6 7 | Jeffrey R. Cox<br>jeff.cox@atg.in.gov<br>302 West Washington St., 5th Flr.<br>Indianapolis, IN 46204<br>Tel (317) 233-8296<br>Fax (317) 232-7979 | Counsel for:<br>Real Party In Interest Indiana |
| 8 9 10 | Philip Bangle<br>Philip.Bangle@state.de.us<br>State of Delaware Department of Justice<br>Carvel State Office Building<br>820 North French Street<br>Wilmington, DE 19801 | Counsel for Plaintiff:<br>Delaware, State of |
| 11 12 13 14 15 16 17 18 19 | John B. Gilpin<br>james.gilpin@bbklaw.com<br>Melissa W. Woo<br>melissa.woo@bbklaw.com<br>Christopher M. Pisano<br>christopher.pisano@bbklaw.com<br>Ellen Head<br>ellen.head@bbklaw.com<br>Adriana Sanchez<br>adriana.sanchez@bbklaw.com<br>Lisa Grennon<br>lisa.grennon@bbklaw.com<br>BEST BEST & KRIEGER LLP<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101-3542<br>Tel (619) 525-1300<br>Fax: (610) 233-6118 | Counsel for:<br>1. Coachella, City of<br>2. Colton, City of<br>3. Corona, City of<br>4. Elsinore Valley Municipal Water District<br>5. Florin Conservation Water District<br>6. Helix Water District<br>7. Padre Dam Municipal Water District<br>8. Ramona Municipal Water District<br>9. Rancho California Water District<br>10. San Ramon, City of<br>11. Sweetwater Authority<br>12. Valley Center Municipal Water District<br>13. Western Municipal Water District<br>14. Woodland, City of<br>15. Delaware, State of |
| 20 21 22 | Sheryl L. Schaffner<br>sschaffner@sanramon.ca.gov<br>City of San Ramon<br>2222 Camino Ramon<br>San Ramon, CA 94583 | Co-counsel for Plaintiffs<br>City of San Ramon |
| 23 24 25 26 27 28 | Joan C. Arneson<br>jarneson@bawg.com<br>BOWIE, ARNESON, WILES & GIANNONE<br>4920 Campus Drive<br>Newport Beach, CA 92660<br>Tel (949) 851-1300<br>Fax (969) 851-2014 | Counsel for Plaintiff:<br>Irvine Ranch Water District |

| | | |
|---|---|---|
| 1 | Jan I. Goldsmith<br>City Attorney<br>Donald R. Worley<br>Assistant City Attorney<br>R. Clayton Welch<br>cwelch@sandiego.gov<br>Deputy City Attorney<br>OFFICE OF THE CITY ATTORNEY<br>1200 Third Avenue, Suite 1100<br>San Diego, CA 92101-4100<br>Tel (619) 533-5800<br>Fax (619) 533-5856 | Counsel for Plaintiff:<br>City of San Diego |
| 7 | Virginia Gennaro<br>City Attorney<br>Joshua H. Rudnick<br>jrudnick@bakersfieldcity.us<br>Deputy City Attorney<br>City Hall<br>1600 Trustun Avenue, 4th Flr.<br>Bakersfield, CA 93301<br>Tel (661) 326-3721<br>Fax (661) 852-2020 | Counsel for Bakersfield |
| 13 | David James Steffenson<br>dsteffenson@minasianlaw.com<br>Minasian Spruance Meith Soares & Sexton LLP<br>1681 Bird Street<br>P.O. Box 1679<br>Oroville, CA 95965<br>Tel (530) 533-2885<br>Fax (530) 533-0197 | Counsel for Plaintiff:<br>Paradise Irrigation District |
| 17 | Patricia Quilizapa<br>pquilizapa@mkblawyers.com<br>McCormick, Kidman & Behrens, LLP<br>650 Town Center Drive, Suite 100<br>Costa Mesa, CA 92626<br>Tel (714) 755-3100<br>Fax (714) 755-3110 | Counsel for Plaintiff:<br>Castaic Lake Water Agency |
| 21 | Margo Laskowska<br>cao.main@sanjoseca.gov<br>Margo.Laskowska@sanjoseca.gov<br>San Jose City Attorneys Office<br>200 East Santa Clara Street<br>San Jose, CA 95113<br>Tel (408) 535-1990<br>Fax (408) 998-3131 | Counsel for Plaintiff:<br>City of San Jose |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | Susan K. Stewart<br>sstewart@ag.nv.gov<br>Office of the Nevada Attorney General<br>100 North Carson St.<br>Carson City, NV 89701<br>Tel (775) 684-1217<br>Fax (775) 684-1108 | Counsel for Plaintiff:<br>State of Nevada |
| 5<br>6<br>7<br>8 | Peter M. Coughlan<br>peter.coughlan@ag.tn.gov<br>Office of the Attorney General and Reporter<br>425 Fifth Avenue North<br>Nashville, TN 37243<br>Tel (615) 741-3491<br>Fax (615) 741-2009 | Counsel for Plaintiff:<br>State of Tennessee |