**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA ex rel. JOHN HENDRIX,<br><br>Plaintiffs,<br><br>v.<br><br>J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware Corporation,<br><br>Defendants. | Civil Action No. 11-cv-01691-MSK-MSJ<br><br>Pending in the United States District Court for the Central District of California<br><br>Honorable George H. Wu, U.S.D.J.<br><br>CA Case No.: ED CV06-00055-GW |

**PLAINTIFFS' MOTION TO QUASH THE JULY 1, 2011 SUBPOENA ISSUED BY DEFENDANT, J-M MANUFACTURING COMPANY, INC., TO NON-PARTY, MICROBAC LABORATORIES, INC.**

The State of Nevada and *qui tam* Plaintiff, John Hendrix ("Relator"), (collectively, "Movants") seek an Order from this Court quashing a July 1, 2011 Subpoena Duces Tecum issued by Defendant J-M Manufacturing Company, Inc. ("J-M") to non-party Microbac Laboratories, Inc. ("Microbac"). *See* J-M's July 1, 2011 Subpoena Duces Tecum to Microbac ("J-M's July 1st Subpoena") attached to the Supplemental Declaration of Stuart M. Rennert (hereinafter "Supp. Rennert Decl.") as Exhibit A. This Subpoena was issued on the heels of a previously issued subpoena on May 13, 2011 ("J-M's May 13th Subpoena") that sought non-discoverable information subject to the work product doctrine and joint prosecution privilege. J-M's May 13th subpoena is the subject of a Motion to Quash that was filed with the Court on

June 28, 2011.[1] Like its predecessor subpoena served on Microbac, J-M's July 1st subpoena as currently worded in part seeks information protected by those privileges as well. Accordingly, for the same reasons as those set forth in Movants' June 28th Motion to Quash, any request in J-M's July 1st subpoena that calls for the production of documents related to testing performed at the direction of the government should be quashed as it seeks materials that are protected by the attorney work-product doctrine and the joint prosecution privilege of the Plaintiffs.

## **BACKGROUND**

The United States and the State of Nevada, among other government entities, with the cooperation and participation of the Relator, conducted an under-seal investigation of the *qui tam* Complaint beginning in early 2006 and extending through early 2010. *See* Docket Entry 1, Rennert Decl., Ex. A. As one part of this investigation, Assistant U.S. Attorney Howard Daniels of the U.S. Attorney's Office engaged Microbac, a commercial testing laboratory, to perform testing on J-M Pipe. *See* Docket Entry 1, Daniels Decl., ¶¶ 3-5. This testing was performed at the direction of government attorneys, was performed during ongoing, under-seal litigation, and was intended to be, and has been, kept confidential. *Id.* Relator's counsel consulted with the attorneys for the United States concerning the testing being conducted by Microbac. *See* Docket Entry 1, Litman Decl., ¶ 3. Microbac understood at the time that it was asked to perform the testing that it was to keep the testing confidential and not share anything about the testing with any outside party. *See* Docket Entry 1, Daniels Decl., ¶ 5.

---

[1] *See* Docket Entry 1. Movants rely upon and incorporate by reference the arguments previously made in their initial Motion to Quash. Because the arguments that would be made in this Motion to Quash are identical to those made in Movants' June 28th Motion to Quash and those made in the United States' Joinder to that motion filed on July 6, 2011, Movants will not burden the Court with identical briefing, but simply explain below why J-M's July 1st Subpoena encompasses the same material.

In addition to its work related to the engagement by the government, Microbac performed various tests in respect of J-M products, during the years 2004-2010 at the request of J-M, as part of J-M's ongoing operations. These tests were not related to the testing requested by the government and there is no indication they were performed in the context of litigation. During discovery in the underlying litigation, certain Plaintiffs sought from Microbac documents relating to testing of J-M products. *See* Plaintiffs' January 28, 2011 Subpoena Duces Tecum to Microbac ("Plaintiffs' Jan. 28th Subpoena"), attached to the Supp. Rennert Decl. as Exhibit B.

In May 2011, Microbac produced documents to certain Plaintiffs in response to Plaintiffs' Jan. 28th Subpoena, consisting primarily of documents relating to the testing Microbac did at the request of J-M from 2004 to 2010. Movants have no objection to the production of these documents to J-M. However, also included in the production to Plaintiffs were copies of a document that Microbac authored in connection with the privileged testing it conducted at the direction of the government during the investigation of this case. *See* Supp. Rennert Decl., ¶ 5. This document falls within the protection of the work-product doctrine and the joint prosecution privilege of the Plaintiffs to whom it was produced, but it is immune from production to J-M for the same reasons delineated in Movants' June 28th Motion to Quash.[2] On July 7, 2011, counsel

---

[2] The May 2011 production to certain Plaintiffs of a document that Microbac authored in connection with the privileged testing does not in any way waive the protection of the work-product doctrine or the joint prosecution privilege. Where, as here, the Relator, the other Plaintiffs, and the United States are effectively identical, sharing work product does not result in waiver of the work-product doctrine. *See Trustmark Ins. Co. v. General & Cologne Life*, No. 00C 1926, 2000 U.S. Dist. LEXIS 18917 (N.D. Ill. Dec. 19, 2000) (showing work product to employees of client corporation does not waive work product privilege). Even assuming, *arguendo*, that the Relator, the Plaintiffs, and the United States are viewed as distinct, the production of the privileged document to the Plaintiffs does not waive the protection of the work-product doctrine. The interests of the Relator, the Plaintiffs, and the United States in the investigation and in this action are still identical. Parties with common interests who share work product do not waive the protection of the work-product doctrine. *In re McKesson HBOC, Inc. Sec. Litig.*, No. C-99-20743, 2005 U.S. Dist. LEXIS 7098, 35-36 (N.D. Cal. Mar. 31, 2005)); *see*

for Relator conferred with counsel for Microbac to notify him that certain Plaintiffs objected to the production of the documents in response to the July 1st Subpoena. *See* Supp. Rennert Decl., ¶ 6.

---

*also Sheets v. Ins. Co. of N. Am.*, No. 4:04CV00058, 2005 U.S. Dist. LEXIS 27060 (W.D. Va. Nov. 8, 2005) (citing *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980)).

## **CONCLUSION**

For all the foregoing reasons, this Court should quash the July 1, 2011 Subpoena Duces Tecum issued by Defendant J-M Manufacturing Company Inc. to non-party Microbac Laboratories, Inc.

Dated: July 22, 2011        By:    /s/ Stuart M. Rennert
                                                                 Stuart M. Rennert
                                                                 A Member of the Bar of the District Court
                                                                 for the District of Colorado
                                                                 srennert@daypitney.com
                                                                 DAY PITNEY LLP
                                                                 1100 New York Avenue, NW
                                                                 Suite 300
                                                                 Washington, DC 20005
                                                                T: (202) 218 3911
                                                                F: (202) 354 4533

                                                                **Attorneys for Relator,**
                                                                **John Hendrix**

Dated: July 22, 2011        By:    /s/ Susan K. Stewart
                                                                 Susan K. Stewart
                                                                 A Member of the Bar of the District Court
                                                                 for the District of Colorado
                                                                 sstewart@ag.nv.gov
                                                                 Deputy Attorney General
                                                                 State of Nevada, Office of the Attorney
                                                                 General
                                                                 100 North Carson Street
                                                                 Carson City, Nevada 89701-4717
                                                                 T: (775) 684-1100
                                                                 F: (775) 684-1108

                                                                **Attorneys for Intervenor-Plaintiff,**
                                                                **the State of Nevada**

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of July, 2011, with the exceptions noted below, I caused to be served an electronic copy of Plaintiffs' Motion to Quash the July 1, 2011 Subpoena Issued by Defendant, J-M Manufacturing Company, Inc., to Non-Party, Microbac Laboratories, Inc., to the parties listed below in accordance with the manner of service in the underlying action pending before the United States District for the Central District of California.

| | |
|---|---|
| Camilla Eng | General Counsel<br>JM Eagle<br>5200 West Century Boulevard<br>Los Angeles, California 90045<br>(by mail) |
| Thomas Zaccaro | thomaszaccaro@paulhastings.com |
| John L. Brownlee<br>Kristina Starr Azlin<br>Richard T. Williams<br>Roger Brian Coven<br>Vince L. Farhat | john.brownlee@hklaw.com<br>kristina.azlin@hklaw.com;<br>ksazlin@yahoo.com<br>richard.williams@hklaw.com<br>roger.coven@hklaw.com<br>vince.farhat@hklaw.com |
| Joseph A. Brajevich | Department of Water and Power<br>Los Angeles City Attorney's Office<br>111 North Hope Street, Suite 340<br>Los Angeles, CA 90012<br>(by mail) |
| David James Steffenson<br>Anna Whitfield | dsteffenson@minasianlaw.com<br>awhitfield@minasianlaw.com;<br>cmecf@minasianlaw.com |
| Diane Catran Roth | attorney@sbcity.org |
| Howard F. Daniels | howard.daniels@usdoj.gov |
| James Bell Gilpin<br>Melissa Woo<br>Christopher Pisano | james.gilpin@bbklaw.com<br>melissa.woo@bbklaw.com<br>christopher.pisano@bbklaw.com |
| Jeffrey Robert Cox | jccentcom@sbcglobal.net |

- 7 -

| | |
|---|---|
| Joan C. Arneson | jarneson@bawg.com |
| Jonathan B. Engel | jonathan.engel@state.ma.us |
| Malgorzata Laskowska | margo.laskowska@sanjoseca.gov; cao.main@sanjoseca.gov |
| Nicklas Arnold Akers | nicklas.akers@doj.ca.gov |
| Patricia Quilizapa | pquilizapa@mkblawyers.com |
| Peter M. Coughlan | peter.coughlan@ag.tn.gov |
| Philip Bangle | Philip.Bangle@state.de.us |
| R. Clayton Welch | cwelch@sandiego.gov |
| Seth T. Cohen | scohen@nmag.gov |
| Sheryl L. Schaffner | sschaffner@sanramon.ca.gov |
| Thomas J. Tedesco | ttedesco@pacbell.net |

` By:   /s/ Stuart M. Rennert  
　　　　Stuart M. Rennert