## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES, THE STATES OF CALIFORNIA, DELAWARE, FLORIDA, ILLINOIS, INDIANA, NEVADA, NEW MEXICO, NEW YORK, and TENNESSEE, THE COMMONWEALTHS OF MASSACHUSETTS AND VIRGINIA, and THE DISTRICT OF COLUMBIA ex rel. JOHN HENDRIX,<br><br>Plaintiffs,<br><br>v.<br><br>J-M MANUFACTURING COMPANY, INC., d/b/a JM Eagle, a Delaware corporation, and FORMOSA PLASTICS CORPORATION, U.S.A., a Delaware Corporation,<br><br>Defendants. | Civil Action No. 11-cv-01691-MSK-MSJ<br><br>Pending in the United States District Court for the Central District of California<br><br>Honorable George H. Wu, U.S.D.J.<br><br>CA Case No.: ED CV06-00055-GW |

**SUPPLEMENTAL DECLARATION OF STUART M. RENNERT IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH THE SECOND SUBPOENA ISSUED BY DEFENDANT, J-M MANUFACTURING COMPANY, INC., TO NON-PARTY, MICROBAC LABORATORIES, INC.**

STUART M. RENNERT, of full age, hereby declares as follows:

1. I am an attorney-at-law of the District of Columbia and am admitted to the practice before the United States District Court for the District of Colorado. I am co-counsel to *Qui tam* Plaintiff, John Hendrix in this action ("Plaintiff"). As such, I am fully familiar with the facts set forth herein.

2.  I submit this Declaration in support of the Motion to Quash the Subpoena Duces Tecum ("Subpoena") dated July 1, 2011, issued by Defendant, J-M Manufacturing Company, Inc. ("Defendant") to non-party, Microbac Laboratories, Inc. ("Microbac").

3.  A true copy of the Subpoena issued by Defendant to Microbac on July 1, 2011 is attached hereto as Exhibit A.

4.  A true copy of the Subpoena issued by Plaintiffs to Microbac on January 28, 2011 is attached hereto as Exhibit B.

5.  In response to Plaintiffs' January 28, 2011 Subpoena, Microbac produced documents to Plaintiffs in May of 2011, which documents included copies of a document that Microbac authored in connection with the testing it conducted at the direction of the government during the investigation of this case.

6.  On or about July 7, 2011, a partner in my firm conferred with counsel for Microbac to notify him that certain Plaintiffs objected to the production of certain documents in response to Defendants' July 1, 2011 Subpoena.

I hereby declare, under penalties of perjury, that the foregoing statements made by me are truthful and accurate to the best of my knowledge.  EXECUTED this 22nd day of July, 2011.


_____/s/ Stuart M. Rennert_____
                STUART M. RENNERT

-2-

# Exhibit A

1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2 |   Including Professional Corporations
BRYAN D. DALY, Cal. Bar No. 117901
3 | bdaly@sheppardmullin.com
CHARLES L. KREINDLER, Cal. Bar No. 119933
4 | ckreindler@sheppardmullin.com
ANTHONY N. MOSHIRNIA, Cal. Bar No. 254253
5 | amoshirnia@sheppardmullin.com
333 South Hope Street, 43rd Floor
6 | Los Angeles, California 90071-1422
Telephone: 213-620-1780
7 | Facsimile: 213-620-1398

8 | Attorneys for Defendant
J-M MANUFACTURING COMPANY, INC.,
9 | d/b/a JM Eagle

10

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | UNITED STATES, THE STATES OF      Case No. ED CV-06-0055-GW (PJWx)
CALIFORNIA, DELAWARE,
14 | FLORIDA, ILLINOIS, INDIANA,
NEVADA, NEW MEXICO, NEW           The Hon. George H. Wu
15 | YORK, and TENNESSEE, THE
COMMONWEALTHS OF                  **NOTICE OF SUBPOENA TO**
16 | MASSACHUSETTS AND VIRGINIA,       **PRODUCE DOCUMENTS IN A**
and THE DISTRICT OF COLUMBIA      **CIVIL MATTER TO MICROBAC**
17 | ex rel. JOHN HENDRIX,             **LABORATORIES, INC.**

18 |              Plaintiffs,

19 |       v.

20 | J-M MANUFACTURING COMPANY,
INC., d/b/a JM Eagle, a Delaware
21 | corporation, and FORMOSA
PLASTICS CORPORATION, U.S.A.,
22 | a Delaware corporation,

23 |              Defendants.

24

25

26

27

28

TO:   ALL INTERESTED PARTIES; and

TO:   THEIR COUNSEL OF RECORD:


          **YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, **Microbac Laboratories, Inc.** is required to produce documents in accordance with the subpoena attached hereto as **Exhibit A**, on the date and at the time specified.


          A list of all parties or attorneys for parties on whom this Notice of Subpoena is being served is shown on the accompanying proof of service.


Dated:  July 1, 2011

                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


                              By   _____
                                        ANTHONY N. MOSHIRNIA
                                        Attorneys for Defendant
                                 J-M MANUFACTURING COMPANY, INC.

W02-WEST:1ANM1\403677898.1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Colorado

| | | |
|---|---|---|
| U.S. ex rel. Hendrix, et al., | ) | |
| _Plaintiff_ | ) | Civil Action No. ED CV 06-0055-GW (PJWx) |
| v. | ) | |
| | ) | (If the action is pending in another district, state where: |
| J-M Manufacturing Company, Inc., et al., | ) | Central District of California) |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
    Microbac Laboratories, Inc., Hauser Laboratories Division c/o Custodian of Records

    ☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A

| Place:<br>Copy Experts, 5345 Arapahoe Ave., Suite 2, Boulder, CO 80303<br>David Mikelsons (303) 448-1111 x. 104 | Date and Time:<br>July 22, 2011<br>9:00 am |
|---|---|

    ☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: July 1, 2011

        _CLERK OF COURT_

                        OR

           _Signature of Clerk or Deputy Clerk_                      _Attorney's signature_
                                     Anthony N. Moshirnia

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____
J-M Manufacturing Company, Inc. _____, who issues or requests this subpoena, are:
Anthony N. Moshirnia of Sheppard Mullin Richter & Hampton, LLP, 333 S. Hope Street, 43rd Floor, Los Angeles, CA 90071, tel: 213-620-1780; email: amoshirnia@sheppardmullin.com

EX. A


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information regarding attempted service, etc:


American LegalNet, Inc.
www.FormsWorkFlow.com

## ATTACHMENT A – DOCUMENTS REQUESTED

**I.    DEFINITIONS**

1.    "YOU" and "YOUR" shall mean and refer to **Microbac Laboratories, Inc.**, including, without limitation, any person(s) acting on its behalf and/or under its control.

2.    "PLAINTIFFS" shall mean and refer to plaintiffs' in the lawsuit styled U.S. ex rel. Hendrix, et al. v. J-M Manufacturing Company, Inc., et al., USDC CD Cal Case No. ED CV-06-0055-GW (PJWx).

3.    "SUBPOENA" shall mean and refer to the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action that PLAINTIFFS issued to YOU on or about January 28, 2011.

4.    "DOCUMENT(S)" is used in the broadest sense possible and shall mean and include, without limitation, any and all "writings" within the scope of Federal Rule of Civil Procedure 34, papers, correspondence, notes, letters, telegrams, mailgrams, cables, telex messages, facsimiles, transmittals, bulletins, instructions, rulings, decisions, policies, binders, books, file folders, printed matter, notebooks, minutes, agenda, memoranda, intra- or inter-office communications of any type or nature, workbooks, worksheets, stenographers' notebooks, reports, records, diaries, calendars, calendar entries, files, studies, forecasts, projects, surveys, appraisals, analyses, financial statements of every type, budgets, projects, quotations, calculations, logs, job logs, timesheets, bills, invoices, statements, purchase orders, checks, check registers, journals, schedules, ledger books, log books, books of account, accounts, work papers, summaries, contracts or any other types of agreement, proposals, working papers, payrolls, charts, notes of meetings or interviews or telephone conversations, requests for authorization, requests for

W02-WEST:1ANM1\403677907.1

1  quotation, press releases, schedules, maps, drawings, designs, diagrams, blueprints,

2  plans, schematics, manuals, accountants' statements or summaries, graphs, charts,

3  photographs, motion pictures, slides, microfilm, microfiche, recordings of meetings

4  or conversations or interviews either in writing or made upon any mechanical,

5  electronic or electrical recording device, data compilations from which information

6  can be obtained or can be translated through detection devices into a reasonably

7  usable form, computer inputs or outputs, or any other written, graphic or recorded

8  representations or communications whatsoever, whether in lithograph, or in any

9  other tangible form or intangible form which can be reduced to tangible form, and

10  any other form of communication or representation including letters, records,

11  pictures, film, videotape, sounds, symbols or communications thereof.

12

13      "Document(s)" shall also mean and include, without limitation, any and

14  all originals, duplicate originals, facsimiles and extra copies or reproductions of all

15  such written, printed, typed, reported, recorded or graphic matter included above,

16  upon which notations and writing, print or otherwise, have been made or to which

17  such notations have been appended.

18

19      5.      "COMMUNICATION(S)" shall mean the transmittal of

20  information (in the form of facts, ideas, inquires or otherwise), whether verbally or

21  in writing.

22

23      6.      "RELATING TO" shall mean discussing, describing,

24  constituting, evidencing, memorializing, concerning, mentioning, summarizing,

25  listing, reflecting, analyzing, supporting, negating or concerning the subject matter

26  of the request.

27

28

W02-WEST:1ANM1\403677907.1

1           7.    The terms "and" and "or" shall be construed either disjunctively

2  or conjunctively whenever appropriate in order to bring within the scope of this

3  discovery request any information or document which might otherwise be

4  considered beyond its scope.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

W02-WEST:1ANM1\403677907.1

## II.   DOCUMENTS REQUESTED

1.   All materials, including but not limited to DOCUMENTS, YOU produced in response to the SUBPOENA.

2.   All COMMUNICATIONS between YOU and PLAINTIFFS RELATING TO the SUBPOENA.

W02-WEST:1ANM1\403677907.1

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within entitled action; my business address is 333 South Hope Street, 43rd Floor, Los Angeles, California 90071-1422.

On **July 1, 2011,** I served the following document(s) described as **NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL MATTER TO MICROBAC LABORATORIES, INC.** on the interested party(ies) in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

**See Attached Service List**

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1, 2011, at Los Angeles, California.



VALERIA ARRIOLA

# SERVICE LIST

| | |
|---|---|
| Eric R. Havian<br>erh@pcsf.com<br>Mary A. Inman<br>mai@pcsf.com<br>Jessica T. Moore<br>jtm@pcsf.com<br>PHILLIPS & COHEN LLP<br>131 Steuart Street, Suite 501<br>San Francisco, California 94105<br>Tel: (415) 836-9000<br>Fax: (415) 836-9001<br><br>Harry P. Litman<br>Harry.Litman@verizon.net<br>LITMAN LAW FIRM<br>One Oxford Center, 34th Floor<br>Pittsburgh, PA 15219<br>Tel: (412) 456-2000<br>Fax: (412) 456-2020<br><br>Brent N. Rushforth<br>brushforth@daypitney.com<br>Elizabeth J. Sher<br>esher@daypitney.com<br>Charlsa D. Broadus<br>cdbroadus@daypitney.com<br>Stuart M. Rennert<br>srennert@daypitney.com<br>Jonathan I. Handler<br>jihandler@daypitney.com<br>DAY PITNEY LLP<br>1100 New York Avenue, NW<br>Washington, D.C. 20005<br>Tel: (202) 218-3900<br>Fax: (202) 218-3910 | Counsel for Plaintiffs:<br><br>1. Alameda County Water District<br>2. Calexico, City of<br>3. Calleguas Municipal Water District<br>4. Chino, City of<br>5. Dublin San Ramon Services District<br>6. Hendrix, John (Relator)<br>7. Laguna Beach County Water District<br>8. Livermore, City of<br>9. Los Angeles Department of Water & Power<br>10. Moulton Niguel Water District<br>11. North Marin Water District<br>12. Oxnard, City of<br>13. Palmdale Water District<br>14. Pomona, City of<br>15. Ripon, City of<br>16. Sacramento, City of<br>17. San Bernardino, City of<br>18. San Buenaventura, City of<br>19. Santa Cruz, City of<br>20. Santa Maria, City of<br>21. Santa Rosa, City of<br>22. South Tahoe Public Utility District<br>23. Tennessee, State of<br>24. Vallejo, City of<br>25. Virginia, Commonwealth of<br>26. Yountville, Town of<br>27. Paradise Irrigation District<br>28. Castaic Lake Water Agency<br>29. Calistoga, City of<br>30. San Diego, County of<br>31. Soquel Creek Water District |
| Richard T. Williams<br>richard.williams@hklaw.com<br>Kristina S. Azlin<br>kristina.azlin@hklaw.com<br>John Brownlee<br>john.brownlee@hklaw.com<br>Holland & Knight LLP<br>633 West Fifth Street, 21st Floor<br>Los Angeles, CA  90071<br>Tel (213) 896-2400<br>Fax (213) 896-2450 | Counsel for Defendant<br>Formosa Plastics Corporation, U.S.A. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | Joseph A. Brajevich<br>joseph.brajevich@ladwp.com<br>Los Angeles City Attorney's Office<br>Department of Water and Power<br>111 North Hope Street, Suite 340<br>Los Angeles, CA 90012 | Counsel for Plaintiff:<br>Los Angeles Department of Water and Power<br>(Intervenor) |
| 5<br>6<br>7 | Jeffrey R. Cox<br>jeff.cox@atg.in.gov<br>302 West Washington Street, 5th Floor<br>Indianapolis, IN 46204<br>Tel (317) 233-8296<br>Fax (317) 232-7979 | Counsel for:<br>Real Party In Interest Indiana |
| 8<br>9<br>10 | Philip Bangle<br>Philip.Bangle@state.de.us<br>State of Delaware Department of Justice<br>Carvel State Office Building<br>820 North French Street<br>Wilmington, DE 19801 | Counsel for Plaintiff:<br>Delaware, State of |
| 11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | John B. Gilpin<br>james.gilpin@bbklaw.com<br>Melissa W. Woo<br>melissa.woo@bbklaw.com<br>Christopher M. Pisano<br>christopher.pisano@bbklaw.com<br>Ellen Head<br>ellen.head@bbklaw.com<br>Adriana Sanchez<br>adriana.sanchez@bbklaw.com<br>Lisa Grennon<br>lisa.grennon@bbklaw.com<br>BEST BEST & KRIEGER LLP<br>655 West Broadway, 15th Floor<br>San Diego, CA 92101-3542<br>Tel (619) 525-1300<br>Fax: (610) 233-6118 | Counsel for:<br>1.  Coachella, City of<br>2.  Colton, City of<br>3.  Corona, City of<br>4.  Elsinore Valley Municipal Water District<br>5.  Florin Conservation District<br>6.  Helix Water District<br>7.  Padre Dam Municipal Water District<br>8.  Ramona Municipal Water District<br>9.  Rancho California Water District<br>10. San Ramon, City of<br>11. Sweetwater Authority<br>12. Valley Center Municipal Water District<br>13. Western Municipal Water District<br>14. Woodland, City of<br>15. Delaware, State of |
| 20<br>21<br>22 | Sheryl L. Schaffner<br>sschaffner@sanramon.ca.gov<br>City of San Ramon<br>2222 Camino Ramon<br>San Ramon, CA 94583 | Co-counsel for Plaintiffs<br>City of San Ramon |
| 23<br>24<br>25<br>26<br>27 | Joan C. Arneson<br>jarneson@bawg.com<br>BOWIE, ARNESON, WILES & GIANNONE<br>4920 Campus Drive<br>Newport Beach, CA 92660<br>Tel (949) 851-1300<br>Fax (969) 851-2014 | Counsel for Plaintiff:<br>Irvine Ranch Water District |
| 28 | | |

| | | |
|---|---|---|
| 1 | Jan I. Goldsmith<br>City Attorney | Counsel for Plaintiff:<br>City of San Diego |
| 2 | Donald R. Worley<br>Assistant City Attorney | |
| 3 | R. Clayton Welch<br>cwelch@sandiego.gov | |
| 4 | Deputy City Attorney<br>OFFICE OF THE CITY ATTORNEY | |
| 5 | 1200 Third Avenue, Suite 1100<br>San Diego, CA 92101-4100 | |
| 6 | Tel (619) 533-5800<br>Fax (619) 533-5856 | |
| 7 | Virginia Gennaro<br>City Attorney | Counsel for Bakersfield |
| 8 | Joshua H. Rudnick<br>jrudnick@bakersfieldcity.us | |
| 9 | Deputy City Attorney<br>City Hall | |
| 10 | 1600 Trustun Avenue, 4th Floor<br>Bakersfield, CA 93301 | |
| 11 | Tel (661) 326-3721<br>Fax (661) 852-2020 | |
| 12 | | |
| 13 | David James Steffenson<br>dsteffenson@minasianlaw.com | Counsel for Plaintiff:<br>Paradise Irrigation District |
| 14 | MINASIAN, MEITH, SOARES, SEXTON &<br>COOPER, LLP | |
| 15 | 1681 Bird Street<br>P.O. Box 1679 | |
| 16 | Oroville, CA 95965<br>Tel (530) 533-2885 | |
| 17 | Fax (530) 533-0197 | |
| 18 | Patricia Quilizapa<br>pquilizapa@mkblawyers.com | Counsel for Plaintiff:<br>Castaic Lake Water Agency |
| 19 | McCormick, Kidman & Behrens, LLP<br>650 Town Center Drive, Suite 100 | |
| 20 | Costa Mesa, CA 92626<br>Tel (714) 755-3100 | |
| 21 | Fax (714) 755-3110 | |
| 22 | Margo Laskowska<br>cao.main@sanjoseca.gov | Counsel for Plaintiff:<br>City of San Jose |
| 23 | Margo.Laskowska@sanjoseca.gov<br>San Jose City Attorneys Office | |
| 24 | 200 East Santa Clara Street<br>San Jose, CA 95113 | |
| 25 | Tel (408) 535-1990<br>Fax (408) 998-3131 | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | Susan K. Stewart<br>sstewart@ag.nv.gov<br>Office of the Nevada Attorney General<br>100 North Carson Street<br>Carson City, NV  89701<br>Tel (775) 684-1217<br>Fax (775) 684-1108 | Counsel for Plaintiff:<br>State of Nevada |
| 5<br>6<br>7<br>8 | Peter M. Coughlan<br>peter.coughlan@ag.tn.gov<br>Office of the Attorney General and Reporter<br>425 Fifth Avenue North<br>Nashville, TN  37243<br>Tel (615) 741-3491<br>Fax (615) 741-2009 | Counsel for Plaintiff:<br>State of Tennessee |

9
10
11
12
13
14  .
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit B

1  ERIC R. HAVIAN (State Bar No. 102295)
   erh@pcsf.com
2  MARY A. INMAN (State Bar No. 176059)
   mai@pcsf.com
3  HARRY P. LITMAN (State Bar No. 127202)
   hlitman@litman-law.com
4  JESSICA T. MOORE (State Bar No. 183431)
   jtm@pcsf.com
5  PHILLIPS & COHEN LLP
   131 Steuart Street, Suite 501
6  San Francisco, California  94105
   Tel: (415) 836-9000
7  Fax: (415) 836-9001

8  BRENT N. RUSHFORTH (State Bar No. 45873)
   brushforth@daypitney.com
9  DAY PITNEY LLP
   1100 New York Avenue, NW
10 Washington, D.C. 20005
   Tel: (202) 218-3900
11 Fax: (202) 218-3910

12 ATTORNEYS FOR PLAINTIFFS (AS IDENTIFIED ON NEXT PAGE)

13                    UNITED STATES DISTRICT COURT

14                    CENTRAL DISTRICT OF CALIFORNIA

15 | UNITED STATES, THE STATES OF | Case No. ED CV-06-00055-GW |
16 | CALIFORNIA, DELAWARE, | |
   | FLORIDA, ILLINOIS, INDIANA, | Hon. George H. Wu |
17 | NEVADA, NEW MEXICO, NEW | |
   | YORK, and TENNESSEE, THE | |
18 | COMMONWEALTHS OF | **NOTICE OF SUBPOENA TO** |
   | MASSACHUSETTS AND VIRGINIA, | **PRODUCE DOCUMENTS IN A** |
19 | and THE DISTRICT OF COLUMBIA | **CIVIL MATTER TO MICROBAC** |
   | ex rel. JOHN HENDRIX, | **LABORATORIES, INC.** |
20 | | |
21 | Plaintiffs, | |
22 | v. | |
23 | J-M MANUFACTURING COMPANY, | |
24 | INC., d/b/a JM Eagle, a Delaware | |
   | corporation, and FORMOSA | |
25 | PLASTICS CORPORATION, U.S.A., | |
   | a Delaware corporation, | |
26 | | |
27 | Defendants. | |
28

1  Attorneys for Commonwealth of Virginia,
   Alameda County Water District, City of
2  Calexico, City of Calistoga, Calleguas
   Municipal Water District, Castaic Lake
3  Water Agency, City of Chino, Dublin San
   Ramon Services District, Laguna Beach
4  County Water District, City of Livermore,
5  Los Angeles Department of Water and
   Power, Moulton Niguel Water District,
6  North Marin Water District, City of Oxnard,
7  Palmdale Water District, Paradise Irrigation
   District, City of Pomona, City of Ripon,
8  City of Sacramento, City of San Bernardino,
   City of San Buenaventura, San Diego
9  County, City of Santa Cruz, City of Santa
10 Maria, City of Santa Rosa, Soquel Creek
   Water District, South Tahoe Public Utility
11 District, Spring Valley Sanitation District,
   City of Vallejo, Town of Yountville, and
12 Relator John Hendrix

13

14 TO:  ALL INTERESTED PARTIES, and

15 TO:  THEIR COUNSEL OF RECORD:

16

17      **YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE** that,

18 pursuant to Rule 45 of the Federal Rules of Civil Procedure, Microbac Laboratories,

19 Inc. is required to produce documents in accordance with the Subpoena attached

20 hereto, on the date and at the time specified.

21      A list of all parties or attorneys for parties on whom this Notice of

22 Subpoena is being served is shown on the accompanying proof of service.

23                    DAY PITNEY LLP

24

25 Dated: January 28, 2011

26                    BRENT N. RUSHFORTH (State Bar No. 45873)

27

28

1

<u>**PROOF OF SERVICE**</u>

2      On January 28, 2011, I caused to be served copies of the **NOTICE OF**

3  **SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL MATTER TO**

4  **MICROBAC LABORATORIES, INC.; SUBPOENA TO PRODUCE**

5  **DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT**

6  **INSPECTION OF PREMISES IN A CIVIL ACTION** on behalf of the following

7  Plaintiffs:

8      1.     Alameda County Water District
        2.     Calleguas Municipal Water District
9       3.     Castaic Lake Water Agency
10      4.     City of Calexico
        5.     City of Calistoga
11      6.     City of Chino
12      7.     City of Livermore
        8.     City of Oxnard
13      9.     City of Pomona
14      10.    City of Ripon
        11.    City of Sacramento
15      12.    City of San Bernardino
16      13.    City of San Buenaventura
        14.    City of Santa Cruz
17      15.    City of Santa Maria
18      16.    City of Santa Rosa
        17.    City of Vallejo
19      18.    Commonwealth of Virginia
20      19.    Dublin San Ramon Services District
        20.    Laguna Beach County Water District
21      21.    Los Angeles Department of Water and Power
22      22.    Moulton Niguel Water District
        23.    North Marin Water District
23      24.    Palmdale Water District
24      25.    Paradise Irrigation District
        26.    Relator John Hendrix
25      27.    San Diego County
26      28.    Soquel Creek Water District
        29.    South Tahoe Public Utility District
27

28                          - 2 -

30. Spring Valley Sanitation District
31. Town of Yountville

Based upon an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document to be sent to the persons at the e-mail addresses listed below:

Counsel for J-M: ckreindler@sheppardmullin.com;
   aanguiano@sheppardmullin.com; and
   amoshirnia@sheppardmullin.com
Counsel for Formosa: richard.williams@hklaw.com
Counsel for State of Nevada: sstewart@ag.nv.gov
Counsel for CA entities represented by Best Best & Krieger:
   Melissa.Woo@bbklaw.com; lisa.grennon@bbklaw.com
Counsel for Irvine Ranch Water District: JArneson@bawg.com
Counsel for City of San Diego: cwelch@sandiego.gov
Counsel for City of San Jose: margo.laskowska@sanjoseca.gov
Counsel for City of Bakersfield: jrudnick@bakersfieldcity.us
Counsel for City of San Ramon: CityAttorney@sanramon.ca.gov.

I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am admitted as a member of the bar of this court.

Executed on January 28, 2011 in Parsippany, New Jersey.

MARK SALAH MORGAN

- 3 -

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado

| | | |
|---|---|---|
| John W. Hendrix ex rel. United States | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   ED CV-06-00055-GW |
| J-M Manufacturing Comapny, Inc. | ) | |
| | ) | (If the action is pending in another district, state where: |
| _Defendant_ | ) | Central District of California          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  c/o Custodian of Records, Microbac Laboratories, Inc., (Hauser Division), 4750 Nautilis Court South,
Unit A, Boulder, CO 80301

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the
material: See Exhibit A annexed hereto.

| Place: McElroy Deutsch (Attn: Victor Morales), Legacy Ctr DTC, 5613 DTC Parkway, Suite 1100, Greenwood Village, CO 80111-3039, Telephone (303) 293-8800 | Date and Time: 02/11/2011 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule
45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are
attached.

Date:   01/28/2011

|  | | |
|---|---|---|
| CLERK OF COURT | | |
| | OR | |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ _____
John W. Hendrix_____ , who issues or requests this subpoena, are:
Brent N. Rushforth, Esq. (brushforth@daypitney.com), DAY PITNEY LLP, 1100 New York Ave., NW, Washington, DC
20005, Telephone: (202) 218-3900

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  ED CV-06-00055-GW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

      This subpoena for *(name of individual and title, if any)*   Microbac Laboratories, Inc.
was received by me on *(date)*         .

    ❏ I served the subpoena by delivering a copy to the named person as follows:

                                on *(date)*        ; or

    ❏ I returned the subpoena unexecuted because:

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$               .

My fees are $           for travel and $         for services, for a total of $   0.00  .

    I declare under penalty of perjury that this information is true.

Date:                                                   
                                                   *Server's signature*

                                                   *Printed name and title*

                                                   *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A TO SUBPOENA DUCES TECUM

## INSTRUCTIONS

1.      Each request for documents contained in this Request extends to all documents in your possession, custody or control and in the possession, custody or control of anyone acting on your behalf. A document is deemed to be in your possession, custody, or control if it is in your physical possession, or if it is in the physical custody of any other person or entity and you have the right to have access to, use, inspect, examine, or copy such document.

2.      If you refuse to produce any document based on a claim of privilege, you must comply with Fed. R. Civ. P. 45(d)(2), including preparing and serving a privilege log with sufficient information to allow the Court and counsel to ascertain whether the claim of privilege is justified.

3.      If any requested document is not produced in full, you must specify the reasons for your refusal or inability to produce the entire document. If you object to producing a portion of any document, you must produce the remainder of the document and follow the instructions in the preceding paragraph for the portion of the document you object to producing.

4.      Pursuant to Fed. R. Civ. P. 45(d)(1)(A), documents produced in response to these Requests shall be produced either as they are kept in the usual course of business or organized and labeled to correspond to the categories in the Requests.  The manner for production is as specified in Exhibit B, attached hereto.

5.      The specificity of any one particular Request shall not be construed to reduce the scope of any generalized request.

6.      Each Request is to be answered fully, unless all portions of a Request are in good faith objected to, in which event the reasons for all of your objections shall be stated in detail.  If

83451250.2

an objection pertains only to a portion of a Request, or to a word, phrase, or clause contained within such Request, you shall state your objection to that portion only, and respond to the remainder of the Request, using your best efforts to do so.  No part of a Request should be left unanswered merely because an objection is interposed to another part of the Request.

## DEFINITIONS

For purposes of these Requests, the terms set forth below shall be accorded the following definitions:

**"Adequacy of Fusion Testing"** means testing to determine the adequacy of fusion of extruded PVC Pipe, including Acetone Immersion testing, for example, as used in any and all versions of ASTM D2152 and other Standards.

**"AWWA"** means the American Water Works Association.

**"ASTM"** means the standards organization ASTM International, which was formerly known as the American Society for Testing and Materials.

**"Cell Classification Testing"** means testing to identify and/or verify the cell classification for rigid PVC compounds as provided for in any and all versions of ASTM D1784 and other Standards.

**"Communication(s)"** means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), whether verbally or in writing.

**"Documents"** shall have the broadest meaning ascribed to that term within the meaning of Fed. R. Civ. P. 45, including all information memorialized in hard copy or electronically stored format.

**"Failed"** and **"Failure(s)"**, when used in the context of J-M Pipe, means any and all J-M Pipe that has suffered from leaking, splitting, cracking, breaking, exploding, or other physical

83451250.2

occurrences, or which fails to conform to applicable Standards, Specifications, warranties and/or representations.

"**Flattening Testing**" means testing to determine external loading characteristics of PVC Pipe pursuant to any and all versions of ASTM D2441, ASTM D2412, and other Standards.

"**Government Entity**" means: (a) all Real Parties in Interest that are named specifically or generically as a Real Party in Interest in the Complaint, namely: (1) the States of Florida, and New Mexico, and (2) the States of California, Delaware, Illinois, Indiana, Nevada, New York, Tennessee, and the Commonwealths of Massachusetts and Virginia, and any city, town, municipality, tax or assessment district, water district, political subdivision, or other legally authorized local government entity within such States or Commonwealths who acquired, own or maintain J-M Pipe; (b) the United States of America and all of its federal government entities, agencies, offices, branches, departments, instrumentalities, units, and affiliates, including, but not limited to, the Department of Defense, and any corporation wholly or partially owned by the federal government who acquired, own or maintain J-M Pipe; and (c) the governments of any Native American Indian tribe within the United States who acquired, own or maintain J-M Pipe.

"**HDB Testing**" means hydrostatic design basis testing, for example, as used in any and all versions of section 4.3.2.2(b) of AWWA Standards C900 and C905 and other Standards.

"**Impact Resistance Testing**" means testing to determine the impact resistance of PVC Pipe pursuant to any and all versions of ASTM D2444 and other Standards.

"**J-M**" means JM Eagle and any predecessor company, including, but not limited to, J-M Manufacturing Company, Inc. and/or its directors, officers, employees, agents, representatives, parent companies, affiliated companies, and subsidiary companies.

83451250.2

**"JM90 Compound"** means any formulation used to make J-M Pipe that J-M refers, or has referred to, as JM90 Compound, or any version or variation of JM90 Compound (for example, JM90R Compound).

**"J-M Pipe"** means all pipe manufactured by J-M during the Relevant Period that was certified to any of the following Standards: AWWA C900 or C905 standards as defined by the American Water Works Association, ASTM D2241 standards as defined by ASTM International, UL 1285 as defined by Underwriters Laboratories Inc., NSF 14 and NSF 61 as defined by NSF International (f/k/a/ the National Sanitation Foundation), NFPA 24 as defined by the National Fire Protection Association, FM 1612 as defined by FM Approvals LLC, PPI-TR 3 and PPI-TR 4 as defined by the Plastics Pipe Institute, any predecessor or affiliated standards, and any additional standards referenced or incorporated within these standards.

**"NSF"** means NSF International, formerly known as the National Sanitation Foundation.

**"PVC Pipe"** means pipe made from polyvinyl chloride, as distinct from high density polyethylene, ductile iron, or other formulations of pipe.

**"QB Testing"** means Quick Burst Testing or Short Term Burst Pressure testing, for example as used in any and all versions of section 4.3.3.2 of the AWWA C900 Standard, any and all versions of ASTM D1599, and other Standards.

**"Relating To"** means discussing, describing, constituting, evidencing, memorializing, concerning, mentioning, summarizing, listing, reflecting, analyzing, supporting, negating, or concerning the subject matter of the Request.

**"Relevant Period"** means, unless otherwise specified, the time period from January 1, 1990 to the present.

83451250.2

**"Specification(s)"** means a Standard or other requirement for PVC Pipe that will be used in a Water System, including any requirement of a Government Entity for acceptance of J-M Pipe into its Water System.

**"SPT Testing"** means Sustained Pressure Testing, for example, as set forth in any and all versions of Section 18 of UL 1285, any and all versions of ASTM D1598, and other Standards.

**"Standard(s)"** means and refers to a standard relevant to PVC Pipe and published by an organization that sets and/or enforces product standards, including, but not limited to, ASTM, AWWA, FM, NSF, and UL.

**"Tensile Strength Testing"** means tensile strength testing, including Longitudinal Tensile Strength testing, for example, as used in any and all versions of Section 17.1 of UL 1285, any and all versions of ASTM D638, and other Standards.

**"Test Results"** means completed results, laboratory reports, logs, records, evaluations, analyses, studies, pre-qualification results, and certification results of J-M Pipe or JM90 Compound and any data collected Relating To Test Results in whatever format (paper or electronic).

**"UL"** means the standards and product certification organization Underwriters Laboratories Inc., and/or its directors, officers, employees, agents, representatives, parent companies, affiliated companies, and subsidiary companies.

**"Water System(s)"** means and refers to the transfer mechanisms utilized for, or which are a part of, the transmission and distribution of water, sewage, or reclaimed water, whether such systems are used for the transmission of potable or un-potable water, sewage, or irrigation water.

83451250.2

**"You"** and **"Your"** mean and refer to Microbac Laboratories, Inc. including, but not limited to, its directors, officers, employees, agents, representatives, predecessor companies, parent companies, affiliated companies, and subsidiary companies.

83451250.2

## REQUESTS

1.      All Communications between You and J-M relating to the testing and/or analysis of J-M Pipe or JM 90 Compound during the Relevant Period.

2.      All Documents relating to the quality or the testing of JM 90 Compound during the Relevant Period, including, but not limited to, Test Results for compound Cell Classification Testing, Tensile Strength Testing, conglomerate testing, and vicat temperature testing.

3.      All Documents relating to the quality or the testing of J-M Pipe during the Relevant Period, including, but not limited to, Test Results for HDB Testing, QB Testing, SPT Testing, Tensile Strength Testing, Adequacy of Fusion Testing, Impact Resistance Testing, or Flattening Testing.

4.      All Documents relating to the Failure of J-M Pipe during the Relevant Period, including, but not limited to, Test Results and records of evaluations, testing, and analysis of J-M Pipe Failures or Failures of PVC Pipe or PVC product made from JM 90 Compound, whether in service or as a result of testing.

5.      All Documents relating to the adherence of J-M Pipe to product Standards.

6.      All Documents relating to the testing protocols used by you in connection with the testing and/or analysis of J-M Pipe or JM 90 Compound during the Relevant Period.

7.      All Documents relating to the manner of sample preparation for Tensile Strength Testing pursuant to Section 17.1 of UL 1285 and other Standards.

8.      All Documents relating to money paid to you by J-M or by others on J-M's behalf for the testing and/or analysis of J-M Pipe or JM 90 Compound during the Relevant Period.

83451250.2

## EXHIBIT B TO SUBPOENA DUCES TECUM

The following form is specified for the production of DOCUMENTS, including electronically stored information:

A. **Form of Production – General**

   1. **ESI.**

      a) **Simple ESI.** All responsive e-mails (and attachments), calendars, tasks, notes, word processing documents, spreadsheets and presentations ("Simple ESI") existing in electronic format are considered "simple ESI" and shall be produced in the manner set forth in section II.A. below.

      b) **Other ESI.** ESI in categories not listed above is referred to as "other ESI." Examples include databases, CAD files, and other applications with uncommon file formats. The responding person may produce other ESI as specified in section II.A. below, or alternatively may state the form of production it intends to use, which must be a form in which it is ordinarily maintained or in a reasonably useable form. If plaintiffs object to the stated form of production, they will inform the responding person. The requesting and responding persons may meet and confer to discuss the production of other ESI, including software that may be necessary to open and utilize it. The responding person will use its best efforts to identify at the time of production the type and version of software used to create the other ESI.

   2. **Hard Copy Documents.** All documents that exist in paper or other tangible form shall, at the responding person's election, either be produced

-8-

in their original form or in electronic form. If produced in electronic form, such documents will be produced in the manner provided in section.B.2. below.

B. **Form of Production – Specifications**

1. **ESI.** At its election, the responding person shall produce ESI either in:

    a) Single page searchable TIFF images with accompanying load file and metadata sufficient to identify the document's source, author, recipient, date created, and individuals copied ("DII"); or in

    b) Native form.

2. **Hard copy documents:** If the responding party does not produce hard copy documents in their original form, it may produce such documents in searchable pdf form. If hard copy documents are also maintained in electronic form, duplicate images need not be produced. If hand-written notes, stamps, or other markings exist on the hard copy version of a document that also exists electronically, such documents are not duplicative and must be produced in addition to the electronic copy.

C. **Other requirements.**

1. **Document Unitization.** For both hard copy documents and ESI, document boundaries shall be recognized, irrespective of the form of production chosen above.

2. **Bates Numbering.** Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically branded onto the image at a location that does not obliterate, conceal, or interfere

with any information on the source document.   The Bates Number shall consist of the name of the responding person and a seven-digit numeric identifier, such as [responding person]-000001. The parties shall meet and confer to discuss alternative methods for tracking or labeling produced ESI that is not easily Bates numbered.

3. **Production Media.**  The responding person shall produce documents on CD-ROM, DVD, external hard drive, or such other media as the parties may hereafter agree upon (the "Production Media").   Each piece of Production Media shall identify the case name and docket number, the producing entity's name and the Bates Number range of the information contained on the Production Media. If the production consists of more than one piece of media, the Production Media shall be  numbered accordingly.

4. **Original ESI**.  The producing entity shall retain the original native electronic source documents for all ESI produced so as to preserve the associated metadata in the event further review of such metadata becomes necessary.