IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01691-MSK-MJW

UNITED STATES,
THE STATES OF
CALIFORNIA,
DELAWARE,
FLORIDA,
ILLINOIS,
INDIANA,
NEVADA,
NEW MEXICO,
NEW YORK,
TENNESSEE,
THE COMMONWEALTHS OF
MASSACHUSETTS AND VIRGINIA, and
THE DISTRICT OF COLUMBIA,
ex rel. JOHN HENDRIX,

Plaintiffs,

vs.

J-M MANUFACTURING COMPANY INC., d/b/a JM Eagle, a Delaware corporation, and
FORMOSA PLASTICS CORPORATION, USA, a Delaware corporation,

Defendant.

---

**ORDER REGARDING:**
**(1) PLAINTIFFS' [THE STATE OF NEVADA AND *QUI TAM* PLAINTIFF, JOHN HENDRIX ("RELATOR")]  MOTION TO QUASH THE SUBPOENA ISSUED BY DEFENDANT, J-M MANUFACTURING COMPANY, INC. TO NON-PARTY, MICROBAC LABORATORIES, INC. (DOCKET NO. 1)**

**AND**

**(2) PLAINTIFFS' (THE STATE OF NEVADA AND *QUI TAM* PLAINTIFF, JOHN HENDRIX ["RELATOR"])  MOTION TO QUASH THE JULY 1, 2011 SUBPOENA ISSUED BY DEFENDANT J-M MANUFACTURING COMPANY INC., TO NON-PARTY MICROBAC LABORATORIES, INC. (DOCKET NO. 7)**

**Entered by Magistrate Judge Michael J. Watanabe**

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This matter was before the court for oral argument on November 15, 2011, concerning Plaintiffs' (the State of Nevada and *Qui Tam* Plaintiff, John Hendrix ["Relator"]) Motion to Quash the Subpoena Issued by Defendant, J-M Manufacturing Company, Inc. ["J-M"], to Non-Party, Microbac Laboratories, Inc. ["Microbac"] (docket no. 1) and Plaintiffs' (the State of Nevada and *Qui Tam* Plaintiff, John Hendrix ["Relator"]) Motion to Quash the July 1, 2011 Subpoena Issued by Defendant J-M Manufacturing Company, Inc., to Non-Party Microbac Laboratories, Inc. (docket no. 7). The United States filed a motion captioned "Joinder of United States in Plaintiffs' Motion to Quash Subpoena to Non-Party Microbac Laboratories" (docket no. 4). The Co-Defendant Formosa Plastics Corporation, U.S.A., filed a motion captioned "Notice of Joinder and Joinder of Defendant Formosa Plastics Corporation, U.S.A. in Defendant J-M Manufacturing Company, Inc.'s Opposition to Plaintiffs' Motions to Quash the Subpoenas Issued by Defendant J-M to Non-Party, Microbac Laboratories, Inc." (docket no. 31). The court has reviewed the subject motions (docket nos. 1 and 7), the response (docket no. 30), and the replies (docket no. 35 and 37). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. Further, the court has reviewed, *in camera*, the subject documents described as bates stamped numbers 001 through 008, inclusive, s Exemplar In Camera documents, and the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive.

Lastly, the court has considered oral argument presented by the parties.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This is a discovery dispute that relates to a multi-state *qui tam* action pending in the United States District Court for the Central District of California before the Honorable George H. Wu, case number ED CV06-00055-GW.  In the Central District of California case, the State of Nevada and *qui tam* Relator John Hendrix seek an Order from this Court quashing the May 13, 2011, Subpoena *Duces Tecum* issued by Defendant J-M to non-party Microbac.  The United States filed a motion captioned "Joinder of United States in Plaintiffs' Motion to Quash Subpoena to Non-Party Microbac Laboratories" (docket no. 4).  The Co-Defendant Formosa Plastics Corporation, U.S.A., filed a motion captioned "Notice of Joinder and Joinder of Defendant Formosa Plastics Corporation, U.S.A. in Defendant J-M Manufacturing Company, Inc.'s Opposition to Plaintiffs' Motions to Quash the Subpoenas Issued by Defendant J-M to Non-Party, Microbac Laboratories, Inc." (docket no. 31).

This multi-state *qui tam* action seeks damages for the submission of false claims for non-conforming PVC pipe to various federal, state, and local governments.  See Fourth Amended Complaint attached as Exhibit A to subject motion (docket no. 1). Among other government entities, the U.S. Attorney's Office for the Central District of California and the State of Nevada, with cooperation and participation of the Relator, conducted an investigation into Defendants' alleged fraudulent practices while this case was under seal in the Central District of California.  Part of this investigation included testing Defendant J-M's polyvinyl chloride ("PVC") pipe by Microbac.  The testing by

4

Microbac was performed at the direction of the attorneys for the government and was performed during ongoing, under-seal litigation. State of Nevada and Relator argue the testing was intended to be, and has been, kept confidential. See Declaration [affidavit] of Howard Daniels - Assistant United States Attorney for the Central District of California attached to the subject motion (docket no. 1). The subject Subpoena *Duces Tecum* that was issued by Defendant J-M demands that Microbac produce all documents related to any test it performed on J-M PVC pipe on behalf of the United States. The State of Nevada and Relator argue that such records that Microbac possesses related to the referenced testing are privileged attorney work-product of the government, as they represent work undertaken at the express behest of government attorneys in the investigation of this case while it was under seal. Accordingly, the State of Nevada and Relator request that the subject Subpoena *Duces Tecum* be quashed pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii).

Here, I find that I have jurisdiction over the subject matter and over the parties to this lawsuit and venue is proper in the state and District of Colorado. I further find that each party has been given a fair and adequate opportunity to be heard on the subject motions (docket nos. 1 and 7).

After reviewing the subject subpoenaed documents, *in camera*, I find that the actual test report dated November 2, 2009, from Microbac, bates stamped numbers TP00006961 through TP00006963, inclusive, is not opinion work product as defined in Vardon Golf Co. v. BBMG Golf Ltd., 156 F.R.D. 641, 646 (N.D. Ill. 1994), but instead is non-opinion work product. I find that the *in camera* documents described as bates stamped numbers 001 through 008, inclusive, described as Exemplar In Camera are

5

protected by Attorney-Client Privilege and subject to the Common Interest Doctrine and Joint Prosecution Agreement.

"A document is protected by the attorney client privilege if it reveals a communication between a client and an attorney, made in order to obtain or deliver legal assistance, that was intended to be treated as confidential." Aull v. Cavalcade Pension Plan, 185 F.R.D. 618, 624 (D. Colo. 1998) (citing In re Grand Jury Subpoena, 697 F.2d 277, 278 (10th Cir. 1983)).  Furthermore, "[a] document is protected by the work product privilege if it was prepared in anticipation of litigation by another party or that party's representative, and was intended to remain confidential." Id.  "A party asserting a privilege has the burden of establishing that the privilege is applicable.  A party asserting waiver of a privilege has the burden of establishing the waiver." Id.

An attorney's work product is not discoverable "unless (1) the discovering party can demonstrate substantial need for the material and (2) the discovery party is unable to obtain the substantial equivalent of the material by other means without undue hardship." Frontier Refining, Inc. v. Gorman-Rupp Co., 136 F.3d 695, 704 (10th Cir. 1998).  A difference between fact work product and opinion work product has been generally recognized. Id. at 704 n.12.  "The substantial need/undue burden test applies only to fact work product. . . .  The circuits are divided on whether there is absolute protection for opinion work product.  Some courts have held that opinion work product is absolutely protected; others have concluded it may be discovered under compelling circumstances." Id.  When it comes to test results, the key is whether their disclosure "would in some way reveal either expert opinion or litigation strategy." Aptargroup, Inc., v. Owens-Illinois, Inc., No. 02-C-5058, 2003 WL 21800083, at *2 (N.D. Ill. July 25,

2003).

The "common interest" doctrine "normally operates as a shield to preclude waiver of the attorney-client privilege when a disclosure of confidential information is made to a third party who shares a community of interest with the represented party." Frontier Refining, Inc., 136 F.3d at 705.

Courts, however, are mindful of "sword-and-shield litigation tactics" with respect to work product. See Banks v. United States, 90 Fed. Cl. 707, 713 (Fed. Cl. 2009). A litigant cannot use the work product doctrine as both a sword and a shield by selectively using the privileged documents to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion. Frontier Refining, Inc., 136 F.3d at 704.

Here, after the reviewing the subject subpoena documents [i.e., documents described as bates stamped numbers 001 through 008, inclusive, Exemplar In Camera, and the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive], *in camera*, I find that there is no risk of such strategic disclosures being made by disclosing the actual test report. Defendant J-M has demonstrated a compelling need for the actual test report, and such need outweighs the limited protection afforded to non-opinion work product. The actual test report goes directly to the representations made by the Relator through Relator's counsel that "every piece of pipe" made by Defendant over the last 20 years was nonconforming. See Chan Decl., Exhibit M [Tr. At 31:6-32:15].

Here, Defendant J-M cannot replicate the testing by Microbac because the sample pipe was destroyed during testing by Microbac. Furthermore, Defendant J-M

does not have any of the subject disputed pipe, and such pipe is in the possession of various government entities that are named in the *qui tam* action before Judge Wu. It would be an undue hardship for Defendant J-M to try and obtain the subject disputed pipe for testing from the Plaintiffs, noting that the disputed pipe is buried in the ground. Lastly, I find that there is no adequate substitute means for Defendant to obtain the subpoenaed actual test report by Microbac.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiffs' [the State of Nevada and *Qui Tam* Plaintiff, John Hendrix ["Relator"])  Motion to Quash the Subpoena Issued by Defendant, J-M Manufacturing Company, Inc., to Non-Party, Microbac Laboratories, Inc. (docket no. 1) is **GRANTED IN PART AND DENIED IN PART**;

2. That Plaintiffs' [the State of Nevada and *Qui Tam* Plaintiff, John Hendrix ["Relator"] Motion to Quash the July 1, 2011 Subpoena Issued by Defendant J-M Manufacturing Company, Inc., to Non-Party Microbac Laboratories, Inc. (docket no .7) is **GRANTED IN PART AND DENIED IN PART**;

3. That **BOTH** motions (docket nos. 1 and 7) are **GRANTED** as to bates stamped numbers 001 through 008, inclusive, described as Exemplar In Camera documents.  **BOTH** motions (docket nos. 1

8

and 7) are **DENIED** as to the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive;

4. That Non-Party Microbac shall provide, per the subject Subpoena *Duce Tecum*, to Defendant J-M the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive, **ONLY** on or before December 20, 2011;

5. That the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive, shall be subject to any Protective Order entered in the United States District Court for the Central District of California Case [ED CV06-00055-GW] pending before the Honorable George H. Wu;

6. That the subject documents described as bates stamped numbers 001 through 008, inclusive, described as Exemplar In Camera documents and the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive, which were submitted to this court for, *in camera*, review shall be **SEALED** and not opened except by further Order of Court;

7. That each party shall pay their own attorney fees and costs for this motion.

9

Done this 30th day of November, 2011.

                                              BY THE COURT

                                              <u>s/Michael J. Watanabe</u>
                                              MICHAEL J. WATANABE
                                              U.S. MAGISTRATE JUDGE