IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01691-MSK-MJW

UNITED STATES,
THE STATES OF
CALIFORNIA,
DELAWARE,
FLORIDA,
ILLINOIS,
INDIANA,
NEVADA,
NEW MEXICO,
NEW YORK,
TENNESSEE,
THE COMMONWEALTHS OF
MASSACHUSETTS AND VIRGINIA, and
THE DISTRICT OF COLUMBIA,
ex rel. JOHN HENDRIX,

Plaintiffs,

vs.

J-M MANUFACTURING COMPANY INC., d/b/a JM Eagle, a Delaware corporation, and
FORMOSA PLASTICS CORPORATION, USA, a Delaware corporation,

Defendant.

---

**ORDER REGARDING:
PLAINTIFFS' MOTION FOR RECONSIDERATION AND VACATUR OF THE
NOVEMBER 30, 2011 ORDER (DOCKET NO. 45)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiffs' Motion for Reconsideration and Vacatur of the November 30, 2011 Order (docket no. 45).  The court has reviewed the subject motion (docket no. 45), the response by Defendant J-M Manufacturing Company, Inc. (docket no. 62), and the reply (docket no. 65).  The court has also

reviewed the Defendant Formosa Plastics Corporation, U.S.A's Notice of Joinder and Joinder in Defendant J-M Manufacturing Company, Inc.'s Opposition to Plaintiffs' Motion for Reconsideration and Vacatur of the November 30, 2011 Order (docket no. 64).  In addition, the court has taken judicial notice of the court's file and of the Order Addressing Bifurcation dated December 7, 2011, entered by Judge George H. Wu in the case of origin, case no. EDCV 06-55-GW(PJWx), filed in the United States District Court for the Central District of California.  Furthermore, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDING OF FACT AND CONCLUSIONS OF LAW

Plaintiff seeks reconsideration of this court's Order Regarding: (1) Plaintiffs' [The State of Nevada and *Qui Tam* Plaintiff, John Hendrix ("Relator")] Motion to Quash the Subpoena Issued by Defendant, J-M Manufacturing Company, Inc. To Non-Party, Microbac Laboratories, Inc. (docket no. 1) and (2) Plaintiffs' [The State of Nevada and *Qui Tam* Plaintiff, John Hendrix ("Relator')] Motion to Quash the July 1, 2011 Subpoena Issued by Defendant J-M Manufacturing Company Inc., to Non-Party Microbac Laboratories, Inc., dated November 30, 2011 (docket no. 7).  Plaintiff argues that at the time this court [Magistrate Judge Watanabe] issued his Order dated November 30, 2011(docket no. 7), the Order Addressing Bifurcation by Judge Wu was not issued since such Order was issued on December 7, 2011.  See attached Exhibit 1 to the subject motion (docket no. 45).  In his Order Addressing Bifurcation, Judge Wu has now bifurcated this case and has expressly defined how the issues of falsity, materiality, and scienter will be presented to a jury.   In particular, Judge Wu has stated in his Order

3

Addressing Bifurcation that the case will be tried upon Plaintiffs' theory, as follows:

> Plaintiffs allege that J-M falsely represented that (a) all (not just some) J-M pipe satisfied the requirements, rules, and standards of the various standards bodies, which pipe and standards were identified with particularity in their November 30th submission; and (b) all (not just some) of the pipe was manufactured in a substantially identical manner to the pipe that was originally determined to comply with the standards... [A]s a result of J-M's inconsistent and substandard manufacturing and testing, J-M's customers received a "lottery ticket," in which there was no assurance that the pipe was made and tested in the manner represented. The first jury will decide whether J-M's manufacturing and testing deficiencies deviated from its representations to such a degree as to render J-M's representations false . . .

(Order Addressing Bifurcation at 1).

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (internal quotation marks omitted). "The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order." Gagliardi v. Duran, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. (quoting Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc., 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" National Bus. Brokers, Ltd., 115 F.

4

Supp.2d at 1256 (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id. "There are three major grounds that justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Mantle Ranches, Inc. v. United States Park Serv., 950 F. Supp. 299, 300 (D. Colo. 1997) (citations and quotations omitted).

      Here, Plaintiffs have presented newly-discovered evidence in the form of the Judge Wu's Order Addressing Bifurcation dated December 7, 2011, which this court did not have the benefit of when this court entered its Order (docket no. 43). There is now a compelling reason to reconsider this court's previous Order (docket no. 43) since Judge Wu has now framed Plaintiffs' claims in his Order Addressing Bifurcation dated December 7, 2011, and at the time of this court's Order (docket no. 43), this court relied upon Defendant J-M's incorrect construction, finding that Defendant J-M had "demonstrated a compelling need for the actual test report" because it "goes directly to the representations made by the Relator through Relator's counsel that 'every piece of pipe' made by Defendant J-M over the last 20 years was nonconforming. See Order (docket no. 43 at page 6). Accordingly, it is appropriate for this court to reconsider its Order (docket no. 43) in light of Judge Wu's Order Addressing Bifurcation dated December 7, 2011. Further, based upon

5

Judge Wu's Order Addressing Bifurcation dated December 7, 2011, the Defendant J-M has not demonstrated a compelling need sufficient to overcome the work product protection.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusion of law, this court **ORDERS**:

1. That Plaintiffs' Motion for Reconsideration and Vacatur of the November 30, 2011 Order (docket no. 45) is **GRANTED**;

2. That the Order dated November 30, 2011 (Docket no. 43) Regarding: (1) Plaintiffs' [The State of Nevada and *Qui Tam* Plaintiff, John Hendrix ("Relator")] Motion to Quash the Subpoena Issued by Defendant, J-M Manufacturing Company, Inc., to Non-Party, Microbac Laboratories, Inc. (Docket No. 1) and (2) Plaintiffs' [The State of Nevada and *Qui Tam* Plaintiff, John Hendrix ("Relator")] Motion to Quash the July 1, 2011 Subpoena Issued by Defendant J-M Manufacturing Company Inc., to Non-Party Microbac Laboratories, Inc. (Docket No. 7) is **VACATED** and both Motions (docket no. 1 and 7) are **GRANTED**;

3. That the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive, shall be subject to any Protective Order

6

       entered in the United States District Court for the Central District of California Case [ED CV06-00055-GW] pending before the Honorable George H. Wu;

4.    That the subject documents described as bates stamped numbers 001 through 008, inclusive, described as Exemplar In Camera documents and the actual test report dated November 2, 2009, from Microbac bates stamped numbers TP00006961 through TP00006963, inclusive, which were submitted to this court for, *in camera*, review shall be **SEALED** and not opened except by further Order of Court; and

5    That each party shall pay their own attorney fees and costs for this motion.

Done this 26th day of January 2012.

                                          BY THE COURT

                                          S/ Michael J. Watanabe
                                          MICHAEL J. WATANABE
                                          U.S. MAGISTRATE JUDGE